## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| **RICHARD S. ZABRISKIE**, | : | |
| Plaintiff, | : | Civil No. 2:10-cv-00676 |
| vs. | : | **MEMORANDUM DECISION &** |
| **GRANT MARSH** dba Sunwest Management aka Sun River St. George Community Council Association, Inc., a Utah non-profit corporation; and **PAUL MARSH** dba Sunwest Management aka Sun River St. George Council Association, Inc., a Utah non-profit corporation, | : | **REVISED REPORT & RECOMMENDATION** |
| | | **JUDGE DALE KIMBALL** |
| | | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendants. | | |

On October 13, 2010, this Court signed an Order recommending to the District Court that defendants' motion to dismiss be granted based upon plaintiff Richard Zabriskie's failure to respond to the Court's Order To Show Cause.[1] However, due to a docketing delay, it was not until after issuance of the Report & Recommendation that the Court determined Mr. Zabriskie had in fact filed an objection and responded to the

---
[1] Document Number 15.

Order.[2]  Consequently, the Court's October 14, 2010, Report & Recommendation is hereby vacated.

Now, after taking into consideration plaintiff's responsive pleading, the Court issues its "revised" Report & Recommendation, recommending to the District Court that defendants' motion to dismiss be granted in part pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and denied in part pursuant to Rule 12(e) requesting a more definite statement.

## I. THE COMPLAINT

On July 19, 2010, *pro se* plaintiff Richard Zabriskie filed his "Civil Rights Complaint" asserting federal question jurisdiction under 18 U.S.C. § § 241, 245 and 42 U.S.C. § § 1983, 1985 and 3631.[3]  Plaintiff's claims stem from what he characterizes as a conspiracy to "injure, oppress, intimidate my free exercise of enjoyment of my rights and privileges secured to me based upon the Constitution of the laws of the U.S."[4]

Mr. Zabriskie contends that defendants Paul Marsh and Grant Marsh, as manager, agent/owner of SunWest Management, held a meeting wherein they threatened and intimidated plaintiff with accusations of "alleged violations of CCRR's of SunRiver Community".[5]  Additionally, plaintiff asserts that defendants "continue unlawful use of force, threaten, intimidate, interfere with me and my mother Beverly Zabriskie's housing rights, based upon class sex handicapped familial status [sic], national origin,

---

[2] Document Number 14.

[3] Document Number 3.

[4] Document Number 3, pg. 3.

[5] Id. at pg. 4.

threats to put lien on my mother's house if I don't move or concede to something in writing."[6] As a result of defendants' alleged slander, harassment and threats, Mr. Zabriskie claims an "injury has occurred".[7]

## II. PENDING MOTION AND DISCUSSION

On August 18, 2010, defendants Paul Marsh and Grant Marsh filed their currently pending "Rule 12(b)(6) Motion To Dimiss Or, In The Alternative, Rule 12(e) Motion For A More Definite Statement" requesting that the complaint be dismissed in its entirety or that plaintiff be required to provide additional information.[8]

Each claim set forth in Mr. Zabriskie's complaint is addressed further below.

**A. Failure to State a Claim Upon Which Relief May Be Granted**

    **1. Claims Under Criminal Statutes: 18 U.S.C § § 241, 245**

A private individual may sue under a federal statue only when Congress intended to create a private right of action.[9] In this case, Mr. Zabriskie asserts

---

[6] Id. at pg. 4.

[7] Id. at. pg. 5.

[8] Document Number 7.

[9] Gonzaga Univ. v. Doe, 536 U.S. 273, 284-84 (2002)("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit")).

violations of his rights under 18 USC § § 241[10] and 245.[11] These criminal statutes do not provide for a private right of action under which plaintiff may sue and are generally utilized in prosecutions by the government and not by private citizens.[12]

Therefore, the Court recommends that Mr. Zabriskie's claims under 18 U.S.C. § § 241 and 245 be dismissed for failure to state a claim upon which relief may be granted.

## 2. Claims Under Civil Rights Statues: 42 U.S.C. § § 1983, 1985 and 3631

### a. *Claims Under 42 U.S.C. § 1983*

Federal statute 42 U.S.C. § 1983 provides:

---

[10] 18 U.S.C. § 241 entitled "Conspiracy against rights" provides,
[i]f two or more persons conspire to injure, oppress, threaten, or intimidate
any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the he Constitution or laws of the United States, or because of his having so exercise the same; . . . .[t]he shall be fined under this title or imprisoned not more than ten years, or both. . .

[11] 18 U.S.C. § 245 entitled "Federally protected activities" provides penalties for persons who injure, intimidate, interfere (or attempt to do so) with any person or class of persons':
    (A) voting or campaigning;
    (B) right to use programs, services or facilities administered by the United States;
    (C) right to be employed by the United States;
    (D) service or attendance with any court in connection with jury duty
    (E) right to participate in the benefits of any program or activity receiving Federal
        financial assistance.
Additionally, the statue provides criminal penalties for any person who interferes with another individual's
    (A) enrollment in any public school or college;
    (B) participation in or use of programs or facilities of the United States;
    (C) employment by any private employer or any agency of any State or
        subdivision;
    (D) service or attendance upon any court in connection with possible service as a juror;
    (E) traveling in or using any facility of interstate commerce; and
    (F) enjoyment of public establishments.

[12] Kelly v. Rockefeller, 69 Fed. Appx. 414, 415 (10th Cir. 2003) (indicating that 18 U.S.C. § 241 and 245 are criminal statutes that are explicitly reserved for the "right of prosecution to government officials" and do not provide for private civil causes of action)); *see generally,* Diamond v. Charles, 476 U.S. 54, 64-65, 90 L. Ed. 2d 48, 106 S. Ct. 1697 (1986).

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress. . .[13]

Thus, in order to properly plead a claim under Section 1983, a plaintiff must allege: (1) conduct by a person, (2) who acted under color of state law, (3) which cause a deprivation of a federally protected right.[14]

In his complaint, Mr. Zabriskie identifies defendants as "part owners [and] manager of SunWest Management (AKA) SunRiver St George Community Association, Inc, a Utah non-profit corporation" who engaged in slander and defamation against him.[15] There is no allegation that defendants acted under color of state law or deprived plaintiff of any federally protected right. Consequently, Mr. Zabriskie fails to adequately plead a § 1983 claim and the Court recommends that his claim be dismissed.

### b. Claims Under 42 U.S.C. § 1985[16]

Section 1985(3) provides for an action to be brought by an individual harmed by a conspiracy that was formed "for the purpose of depriving, either directly or indirectly,

---

[13] 42 U.S.C. § 1983.

[14] West v. Atkins, 487 U.S. 42, 48 (1988).

[15] Document Number 3, pg. 5.

[16] Mr. Zabriskie fails to identify under which provision of 42 U.S.C. § 1985 he pursues a cause of action. The Court assumes that plaintiff brings his claim pursuant to § 1985 (3) as based upon the allegations contained in the complaint subsections (1) and (2) are not applicable.

any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[17]

42 U.S.C. does not create a separate substantive right, but instead confers remedies for enforcement of rights arising under federal law.[18]  Further, Section 1985 does not apply to all tortious interferences.[19]  Rather, plaintiff must allege "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action."[20]  Thus, the conspiracy alleged must contain: (1) some "racial, or perhaps otherwise class-based invidiously discriminatory animus" and (2) an interference" with rights that are protected against private, as well as official, encroachment."[21]

Mr. Zabriskie's complaint is devoid of any of the allegations necessary to support a Section 1985 claim.  Consequently, the Court recommends that plaintiff's claim be dismissed.

### c. Claims Under 42 § 363

Count II of Mr. Zabriskie's complaint is brought pursuant to Title 42 U.S.C Section 363 which he entitles "Criminal Interference with Right to fair housing [sic]."[22]  Upon review of the Code, the Court concludes that no such provision exists under Title

---

[17] 42 U.S.C. § 1985(3).

[18] Howard v. State Dep't of Highways, 478 F.2d 581 (U.S. App 1973).

[19] Griffin v. Breckenridge, 403 U.S. 88, 101-102 (1971).

[20] Id..at 102.

[21] Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-268 (U.S. 1993)(setting forth the requirements to prove a private conspiracy in violation of Subsection (3) of Section 1985)).

[22] Document Number 3, pg. 4.

42. It appears, however, that Mr. Zabriskie may have intended to bring this claim, like Count III, pursuant to Title 42 U.S.C. Section 3631. Accordingly, the Court will analyze both Court II and Count III of plaintiff's complaint under Section 3631.

### d. Claims Under 42 U.S.C. § 3631

Section 3631 is a violations and penalties provision under the Fair Housing Act. It prohibits willful interference with an individual's housing rights based upon race, color, religion, sex, handicap, familial status, or national origin.[23] In relevant part it states that penalties may be imposed against:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—
>
> (a) any person because of his race, color, religion, sex, handicap. . . familial status. . . , or national origin and because he is or has been selling, purchasing, renting, financing, occupying, or contracting, or negotiating for the sale, purchase, rental, financing or occupation of any dwelling. . . .[24]

Based upon plaintiff's current complaint, the Court is unable to discern the relationship between plaintiff's Fair Housing Act claim, and the allegations stated therein. There is some reference, however unclear, to some type of threats or intimidation involving Mr. Zabriskie's housing rights and based upon "class sex handicapped familial status, national origin [sic]". For this reason, pursuant to Rule 12(e), the Court recommends that Mr. Zabriskie provide a more definite statement as to

---

[23] 42 U.S.C. § 3631.

[24] 42 U.S.C. § 3631.

Counts II and III of his complaint.[25]

More specifically, with respect to plaintiff's § 3631 claim the Court requests he provide clear allegations as to: i) what force or threat of force has injured, intimidated or interfered with his constitutionally protected right; ii) what actions of defendant Grant Marsh and defendant Paul Marsh have caused such violation; iii) whether and what protected class plaintiff is a member of; iv) what are the constitutional rights of which plaintiff has been deprived; and v) what acts were discriminatory such that plaintiff's protected class been treated differently than other classes.

## IV. CONCLUSION

For all of the aforementioned reasons this Court now issues this report, recommending that Mr. Zabriskie's complaint be dismissed with respect to plaintiff's claims brought pursuant to 18 U.S.C. §§ 241, 245 and 42 U.S.C. §§ 1983, 1985. As to Counts II and III brought pursuant to U.S.C. § 3631, the Court recommends that within fourteen (14) days of the date of this report that plaintiff provide a more definitie statement.

Copies of the foregoing report and recommendation are mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy.[26] Failure to object may constitute a waiver of objections upon subsequent review.

---

[25] Federal Rule of Civil Procedure 12(e) states in relevant part that, "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

[26] Fed. R. Civ. P. 72(b)(2).

DATED this __ day of November, 2010.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge