# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| RICHARD S. ZABRISKIE,<br><br>Plaintiff,<br><br>v.<br><br>GRANT MARSH, and PAUL MARSH,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:10-cv-00676-DAK-BCW<br><br>Judge Brooke C. Wells |

This matter is before the court on Defendants' Grant March's and Paul Marsh's "Renewed 12(b)(6) Motion to Dismiss for Plaintiff's failure to state a claim in his Amended Complaint upon which relief can be granted."[1] Also pending is Plaintiff Richard Zabriskie's Motion to Stay and Uphold Request for Relief for Violations of Title 42 U.S.C. § 3631.[2]

On October 13, 2010, the undersigned issued a Report and Recommendation, recommending that Defendants' initial Motion to Dismiss be granted based upon Plaintiff's failure to respond to the court's Order to Show Cause.[3] Shortly thereafter, the court determined that Plaintiff had indeed responded to the court's Order to Show Cause, but, due to docketing backlog that created delay, Mr. Zabriskie's response was not noted in the docket until after the court entered the initial Report and Recommendation. Upon discovering the timely response, the undersigned vacated the initial Report and Recommendation, considered Mr. Zabriskie's

---

[1]Motion p. 1, docket no. 24.

[2]Docket no. 31.

[3]Docket no. 15.

1

response, and then issued a Revised Report and Recommendation.[4]

The Revised Report and Recommendation outlines in detail the facts of this case including the causes of action that Mr. Zabriskie brings against Defendants. For brevity, the court does not repeat those facts here. But, the court notes that in the Revised Report and Recommendation, the court recommended that "Mr. Zabriskie's complaint be dismissed with respect to plaintiff's claims brought pursuant to 18 U.S.C. § § 241, 245 and 42 U.S.C. § § 1983, 1985."[5] The court further recommended that Plaintiff be given fourteen (14) days to provide a more definite statement as to Counts II and III brought pursuant to U.S.C. § 3631. With respect to the § 3631 claims the court specifically instructed Mr. Zabriskie to

> provide clear allegations as to: I) what force or threat of force has injured, intimidated or interfered with his constitutionally protected right; ii) what actions of defendant Grant Marsh and defendant Paul Marsh have caused such violation; iii) whether and what protected class plaintiff is a member of; iv) what are the constitutional rights of which plaintiff has been deprived; and v) what acts were discriminatory such that plaintiff's protected class been treated differently than other classes.[6]

On December 10, 2010, Judge Kimball issued an Order Affirming Magistrate Judge's Order.[7] This order affirmed the undersigned's Revised Report and Recommendation. Judge Kimball stated:

> Plaintiff's claims, with the exception of Counts II and III, are DISMISSED. As to Counts II and III, Plaintiff is directed to file a more definite statement by no later than December 28, 2010. Plaintiff's failure to file a more definite statement by December 28, 2010 will result in dismissal of the remaining claims. Defendants' Motion to Dismiss [Docket No.

---

[4]Docket no. 16.

[5]Revised Report and Recommendation p. 8.

[6]*Id.*

[7]Docket no. 19.

17] is DENIED as premature.[8]

Mr. Zabriskie filed a Motion for Extension of Time to Respond to More Definite Statement on December 16, 2010.[9] This motion was filed with the court on December 16th, but the motion states that "on this 9th day of November 2010 [Plaintiff] request[s an] extension of time to anser a more definite statement regarding counts II and counts III pursuant to USC 3631."[10] The motion also contains a certificate of mailing in which Plaintiff states that he mailed a copy of the motion to the court on November 9, 2010. The court denied this motion for extension of time.[11]

Also on December 16, 2010, Mr. Zabriskie filed an Amended Complaint as to Counts II and III, presumably, to provide a more definite statement as to Counts II and III as ordered by this court.[12] Of note in the Amended Complaint, is Mr. Zabriskie's failure to include Defendant Paul Marsh, which in essence terminates him from this case. In his Amended Complaint, Mr. Zabriskie alleges that Defendant Grant Marsh injured him by encroaching on his personal rights, which led to Plaintiff suffering undue stress and trauma including physical and emotional distress.[13] Plaintiff alleges Grant Marsh's conduct was in reliance on false statements made

---

[8]Order Affirming Magistrate Judge's Order dated December 10, 2010, p. 2.

[9]Docket no. 20.

[10]Motion for Extension of Time to Respond to More Definite Statement p. 1 (emphasis omitted).

[11]Docket no. 22.

[12]Docket no. 21.

[13]*See* Amended Complaint p. 3.

3

against him by a neighbor. Mr. Zabriskie further alleges that 42 U.S.C. 3631 protects him against threats and that Mr. Zabriskie's mother "who is elderly and handicapped"[14] is an individual or class of persons that is protected.

Shortly after the filing of the Amended Complaint, Defendants renewed their motion to dismiss pursuant to Rule 12(b)(6).[15] Approximately a week and a half later, Defendants filed a request to submit for decision.[16] Defendants stated that they had "received Plaintiff's Objection to Defendants's Renewed Rule 12(b)(6) Motion to Dismiss on January 1, 2011" and did not plan on filing a reply brief. Concerned, that the court had not received Plaintiff's Objection, the court issued an Order to Show Cause on February 16, 2011, directing Plaintiff to file an objection or any other responsive pleading within ten (10) days.

On February 9, 2011, the undersigned received Plaintiff's response to the Order to Show Cause,[17] as well as Plaintiff's Objections to Defendants' Renewed Motion to Dismiss,[18] and Plaintiff's Motion to Stay.[19] The court has thoroughly reviewed these filings and the entirety of the case under the appropriate liberal standard given to parties who are acting *pro se*.[20] As part of this review the court has carefully reviewed Plaintiff's original Complaint as well as the

---

[14]*Id.*

[15]Docket no. 24.

[16]Docket no. 26.

[17]Docket no. 28.

[18]Docket nos. 29 and 30.

[19]Docket no. 31.

[20]*See Haines v. Kerner*, 404 U.S. 519, 519-21 (1972).

Amended Complaint, which Plaintiff submitted to provide a more definite statement regarding his claims under Counts II and III. After doing so, the court concludes that Mr. Zabriskie fails to state a claim upon which relief may be granted. As noted by the Tenth Circuit in *Hall v. Bellmon*,[21] the court's broad reading of Mr. Zabriskie's Complaint "does not relieve [Mr. Zabriskie] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] Every fact need not be described in specific detail, but "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[23]

Here, Mr. Zabriskie has failed to meet this standard. For example, Plaintiff has failed to sufficiently set forth what force or threat of force violated his constitutionally protected rights. And, Plaintiff has failed to set forth the protected class of which he is a member. Although his mother may be disabled, this is insufficient to make Plaintiff a member of a protected class. To state a claim for relief under 42 U.S.C. § 3631, Plaintiff must show that he is a member of a protected class. Finally, Plaintiff's more definite statement, or in this case the Amended Complaint, fails to provide clear allegations with respect to Plaintiff's § 3631 claim as ordered by this court.

Accordingly, for these reasons, as well as those outlined in greater detail in Defendants' Memorandum in Support of their Renewed Motion to Dismiss, the court recommends that

---

[21] 935 F.2d 1106 (10th Cir. 1991).

[22] *Id.* at 1110.

[23] *Id.*

Defendants' Renewed Motion to Dismiss be GRANTED.[24]

Defendants request "their attorney's fees and costs for having to defend against Plaintiff's claims."[25] Or, at a minimum, "Paul Marsh his attorney fees and costs in brining this motion as the filings show that there has never been a valid claim against Defendant Paul Marsh."[26] The court is not persuaded that it should award fees or costs in this action. That request is DENIED.

---

[24] A review of the record indicates some significant differences between dates on the certificate of mailing for Plaintiff's pleadings and the dates for which pleadings were filed with the court. While there has been some docketing backlog in this case that created delay, it also appears that at times Mr. Zabriskie has perhaps modified dates to comply with court deadlines. The court does not base its decision on those discrepancies, but it does find such discrepancies troubling.

[25] Mem. in Supp. p. 13.

[26] *Id.*

RECOMMENDATION

Based upon the foregoing, the Court recommends that Defendants' motion be granted and that Plaintiff's Motion to Stay be DENIED or DEEMED MOOT.[27]

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[28] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22nd day of February, 2011.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge

---

[27] The court has also reviewed Plaintiff's motion to stay. The court finds no merit to Plaintiff's request to stay this action.

[28] *See* Fed. R. Civ. P. 72(b)(2).